IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

| | | |
|---|---|---|
| GEORGE HOEY MORRIS, #11672-002 | * | |
| Plaintiff, | * | |
| v. | * | 2:09-CV-1086-ID |
| | | (WO) |
| ALAN NUMMEY, *et al.*, | * | |
| Defendants. | * | |

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

Plaintiff filed this 42 U.S.C. § 1983 action on November 25, 2009.[1] He complains that his constitutional rights were violated by an unreasonable and warrantless search of his home in February or March 2005 which resulted in his subsequent unlawful arrest on "trumped up charges" and brief detentions in the Eclectic City Jail and the Elmore County Jail. Named as defendants to this suit are Gordon Ledbetter, Chief of Police for the Eclectic

---

[1] Although the present complaint was stamped "filed" in this court on November 30, 2009, the complaint was signed by Plaintiff on November 25, 2009. A *pro se* inmate's complaint is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [the instant complaint] was delivered to prison authorities the day [Morris] signed it . . ." *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001). In light of the foregoing, the court considers November 25, 2009 as the date of filing.

Police Department and Alan Nummy, Mayor of the Town of Eclectic.[2] Plaintiff seeks monetary damages and injunctive relief for the alleged violations of his constitutional rights.

Under the Prison Litigation Reform Act of 1996, Pub.L.No. 104-134, § 804, 110 Stat. 1321, and 28 U.S.C. § 151A, this court is required to screen complaints filed by prisoners against a governmental entity or officers or employees of governmental entities and to dismiss the complaint or any portion of the complaint that it finds frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.[3]

## II. DISCUSSION

According to the complaint, the events about which Plaintiff complains occurred late one evening in either February or March 2005 and continued into the early morning hours of the next day. At approximately 10:00 p.m. on the night in question, police officers with the Eclectic Police Department ["EPD"] knocked on Plaintiff's door seeking information about a missing juvenile female. Plaintiff had no information for the officers and declined to let them "come inside and look around." About fifteen minutes later, Defendant Ledbetter

---

These designations were correct at the time the incidents about which Plaintiff complains occurred.

The screening procedures which have been established for prisoner civil actions by § 1915A apply whether Plaintiff has paid the entire filing fee or is proceeding *in forma pauperis*. *Martin v. Scott*, 156 F.3d 578-80 (5th Cir. 1998). In this case, Plaintiff has paid the full civil filing fee of $350.00. Notwithstanding the full payment of the filing fee, however, this court must dismiss the case if it finds that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(A).

arrived at Plaintiff's home, advised him to stand back from the door at which time EPD officers conducted a warrantless search of Plaintiff's home looking for the missing girl. Plaintiff contends that law enforcement officials searched his home for several hours. Plaintiff was subsequently charged with possession of paraphernalia, handcuffed, and transported to the Electic City Jail. Shortly thereafter law enforcement officials transported Plaintiff to the Elmore County Jail where he was booked on charges of possession of marijuana and paraphernalia. Plaintiff posted bail in the morning and returned to his home which he found in "shambles." (*Doc. Nos. 1, 2.*)

The actions about which Plaintiff complains occurred within a two day period in February or March of 2005. It is, therefore, clear from the face of the complaint that Plaintiff's unreasonable and warrantless search, unlawful arrest, and illegal detention claims are barred by the statute of limitations.

While there is no express period of limitations in the Civil Rights Act, federal courts generally apply the most appropriate state statute of limitations to a claim filed under 42 U.S.C. § 1983. *See Wilson v. Garcia*, 471 U.S. 261 (1985); *Burnett v. Grattan*, 468 U.S. 42 (1984).

> Federal courts must look to state law to determine, first, what statute of limitations is applicable, and second, whether that limitations period is tolled. *Whitson v. Baker*, 755 F.2d 1406. 1409 (11th Cir. 1985). . . . Alabama law [ ] provides that the applicable limitations period is the one in effect when the claim is filed, not when the cause of action arose. *Tyson v . Johns Manville Sales Corp.*, 399 So.2d 263, 269-70 (Ala.1981).

*Dukes v. Smitherman*, 32 F.3d 535, 537 (11th Cir. 1994).  Alabama's general two year statute of limitations for personal injury actions is the most applicable to the case at bar.  *Ala. Code* § 6-2-38(l).  *See Owens v. Okure*, 488 U.S. 235, 249-250 (1989) (the proper statute of limitations for § 1983 actions is the forum state's general or residual statute of limitations for personal injury actions); *see also Lufkin v. McCallum*, 956 F.2d 1104, 1105 (11th Cir. 1992).

The actions about which Plaintiff complains occurred within an approximately twelve to twenty-four hour period in February or March 2005.  That portion of the tolling provision which previously applied to convicted prisoners was rescinded by the Alabama legislature on May 17, 1996.  *See Ala. Code* § 6-2-8(a) (1975, as amended).[4]  Under the facts of this case, the tolling provision of *Ala. Code* § 6-2-8(a) is, therefore, unavailing.  Consequently, the applicable statute of limitations expired on Plaintiff's February or March 2005 illegal search, unlawful arrest, and illegal imprisonment claims in February or March of 2007.  Plaintiff filed the instant complaint on November 25, 2009.  This filing, with respect to the claims presented in the instant complaint, is more than two (2) years after the applicable limitations period lapsed.

Unquestionably, the statute of limitations is usually a matter which may be raised as an affirmative defense.  The court notes, however, that in an action proceeding under § 1983,

---

[4] The 1996 amendment, effective May 17, 1996, removed imprisonment as a disability entitled to protection under the tolling provision.  In its pre-amendment form, the statute provided that "[i]f anyone entitled to commence any of the actions enumerated in this chapter . . . is . . . imprisoned on a criminal charge for any term less than life, he shall have three years, or the period allowed by law for the commencement of such action if it be less than three years, after the termination of such disability to commence an action . . ." *Ala. Code* § 6-2-8(a)(1975).

it may consider, *sua sponte*, affirmative defenses that are apparent from the face of the complaint. *Clark v. Georgia Pardons and Parole Board*, 915 F.2d 636, 640 n.2 (11th Cir. 1990); *see also Ali v. Higgs*, 892 F.2d 438 (5th Cir. 1990). "[I]f the district court sees that an affirmative defense would defeat the action, a section 1915[(A)(b)(1)] dismissal is allowed." *Clark*, 915 F.2d at 640. "The expiration of the statute of limitations is an affirmative defense the existence of which warrants dismissal as frivolous. *See Franklin* [*v. State of Oregon*], 563 F. Supp. [1310] at 1330, 1332 [D.C. Or. 1983]." *Id*. at n.2. In analyzing § 1983 cases, "the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Ali*, 892 F.2d at 440. "It necessarily follows that in the absence of . . . defendants the . . . court must evaluate the merit of the claim *sua sponte*." *Id*.

    Based on the facts apparent from the face of the present complaint, Plaintiff has no legal basis on which to proceed as this action, with respect to those claims related to the alleged unconstitutional search, arrest, and imprisonment in February or March 2005, is brought more than two years after the violations about which he complains accrued. The statutory tolling provision is unavailing. In light of the foregoing, the court concludes that Plaintiff's challenges to the 2005 unconstitutional search, arrest, and imprisonment are barred by the applicable statute of limitations and these claims are, therefore, subject to dismissal as frivolous in accordance with the directives of 28 U.S.C. § 1915(A)(b)(1). *See Clark*, 915 F.2d 636.

## III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the complaint be DISMISSED with prejudice prior to service pursuant to the provisions of 28 U.S.C. § 1915(A)(b)(1) as the complaint is not filed within the time prescribed by the applicable period of limitations.

It is further

ORDERED that the parties shall file any objections to the said Recommendation on or before **December 21, 2009**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 7th day of December 2009.

        /s/Terry F. Moorer
        TERRY F. MOORER
        UNITED STATES MAGISTRATE JUDGE